IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT AND DIANA HOSKINS, Individually and
as Personal Representatives and Next Friends to
TRISTAN K. HOSKINS, Deceased,

      Plaintiffs,

vs.                                                Civ. No. 99-457 RLP/WWD

RUTHVEN N. SAMPATH, M.D., LARRY D.
STARR, M.D., and GERALD CHAMPION
MEMORIAL HOSPITAL,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Sampath's Motion for partial Summary Judgment as to the Application of Federal Common Law in Discovery filed July 12, 1999(**Docket #24**). The motion is treated as a discovery motion and not as a summary judgement motion. Defendant Sampath contends that since the case contains mixed questions of federal and state law and witnesses who are federal employees; the federal common law should apply. She also contends that federal common law permits no physician-patient privilege[1]. Plaintiffs contend

---

[1] This assertion is apparently correct. *See generally,* the frequently cited footnote in Whalen v. Roe, at 429 U.S. 589, 602, 97 S.Ct. 869, 877 (1977), to wit:
.
> FN28 The physician-patient evidentiary privilege is unknown to the common law. In States where it exists by legislative enactment, it is subject to many exceptions and to waiver for many reasons. [Citations omitted]

that the federal question in this case arises under the Emergency Medical Treatment and Active Labor Act (hereinafter "EMTALA").  Both sides agree that the EMTALA claim will be dismissed because it was not timely brought.  This Court still has jurisdiction because of the diversity of the parties.  Although it may have been that federal common law would apply if we were proceeding with the EMTALA claim, I am not persuaded that its short lived existence permanently left us under the federal common law.  It seems anomalous to me that we would have to proceed with the surviving diversity claim in a way so different from the way that such claims, absent a federal question, are generally prosecuted in this district; accordingly, the instant motion should be **denied.**  The Plaintiffs' motion for sanctions in their Response also should be **denied**.

    **IT IS SO ORDERED.**

                                                 UNITED STATES MAGISTRATE JUDGE