IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT and DIANA HOSKINS,
individually, and as Personal
Representatives and next friends
to TRISTAN K. HOSKINS, deceased,

      Plaintiffs,

  vs.                                  CIVIL NO. 99-457 RLP/WWD

RUTHVEN N. SAMPATH, M.D.
LARRY D. STARR, M.D., and
GERALD CHAMPION MEMORIAL
HOSPITAL,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER having come before the Court on the Defendant Gerald Champion Memorial Hospital's Motion to Dismiss for Failure to State a Claim (**Docket No. 16**), the Court having read said motion, the memoranda in support of and in opposition to said motion and otherwise being fully advised, finds that the motion is well taken in part and shall be granted in part.

### I.  PROCEDURAL BACKGROUND

This medical malpractice case was filed on April 26, 1999.  The parents of Tristan Hoskins filed this action seeking damages for the alleged wrongful death of their son that they allege was related to the use of a vacuum extractor at the time of the boy's birth and a failure to diagnose the damage done by the vacuum extractor following the use of this

instrument. The parents filed this suit against the obstetrician, the pediatrician and the hospital. The hospital requests that the claim pursuant to the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, be dismissed pursuant to the statute of limitations and that the remaining case be dismissed against the hospital for the plaintiffs' failure to follow Fed.R.Civ.P. 8(a) (2), in that the Complaint does not place the defendant, hospital, on adequate notice as to the claims against it. In the plaintiffs' response brief, they concede that the EMTALA claim is barred pursuant to the statute of limitations and this claim will be dismissed. Therefore, this opinion will discuss whether the Complaint satisfies the requirements of Fed.R.Civ.P. 8(a)(2).

## II. DISCUSSION

The Federal Rules of Civil Procedure govern pleading standards in a diversity action, state rules of pleading are not the standard. *Bushnell Corp. v. ITT Corp.,* 973 F.Supp. 1276, 1287 (D. Kan. 1997). Fed.R.Civ.P. 8(a)(2) generally sets forth the federal standard for notice pleading. This standard states as follows:

> "A pleading which sets forth a claim for relief. . .shall contain.
> . .a short and plain statement of the claim showing the that the
> pleader is entitled to relief. . ." Fed.R.Civ.P. 8(a)(2).

Count IV of the Complaint sets forth the allegations against the hospital. In particular, paragraph 42 alleges the specific failures in the duty of care owed by the hospital. In pertinent part, the plaintiffs allege the hospital did not have enough trained nurses available on the date in question and that the nurses who were available deviated from acceptable

standards of care for nurses practicing under similar circumstances. Further, the plaintiffs allege the hospital failed to have adequate and appropriate protocols pertaining to nursing services for the use of vacuum extractors at the hospital. Lastly, the plaintiffs allege that the hospital was negligent in providing staffing privileges to Dr. Sampath and Dr. Starr. Hence, the allegations focus on nursing care, protocols and staffing privileges.

In support of its proposition that the Complaint is not specific enough about the allegations of medical malpractice and other related claims, the plaintiff cites six 10th Circuit prisoner civil rights cases. The often cited case of *Hall v. Bellmon,* 935 F.2d 1106 is a bellwether case in the 10th Circuit for the proposition that a *pro se* prisoner civil rights case may be dismissed as frivolous when the complaint refers to "inarguable legal conclusion[s]" and "fanciful factual allegation[s]." Id at 1109. The entire line of cases cited by the defendant presents an often frustrating dilemma for federal courts. Namely, trying to figure out exactly what a *pro se* litigant is saying in his complaint based on various and vague constitutional claims. This line of cases is not comparable to pleadings in a complex medical malpractice case. Medical malpractice cases invariably involve detailed and precision discovery about alleged breaches of the standard of care. Rarely do the initial pleadings do more than provide a starting point for formal discovery. The complaint gives the hospital adequate notice of this starting point.

Rule 8 rule is essentially a notice rule and not a discovery rule. A plaintiff need not allege the existence of every element in a cause of action as long as fair notice of the

3

transaction is set forth. *Menhowitz v. Pottsdam Memorial Medical Center,* 154 F.3d 113, 124 (3rd Cir. 1998). The rule also addresses the issue of pleading too much information. Not only is the pleader required to provide adequate notice, but the pleader is also required to do so with a "short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2). As stated by the Second Circuit:

> ". . .the mode of pleading. . .requires only that the plaintiff's charges be set forth in a short and concise statement, detailed only to the extent necessary to enable the defendant to respond. . .The pleading of additional evidence is not only unnecessary, but in contravention of proper pleading procedure. *Geisler v. Petrocelli,* 616 F.2d 636, 640 (2nd Cir. 1980).

Courts must weigh the notice requirement on the one hand and the requirement for short and concise prose on the other hand. Although the complaint could be more precise and detailed, it satisfies the notice pleading requirements of Rule 8. The defendant has enough information to file its answer with the Court. Further details of plaintiffs' claims are more appropriately developed through discovery.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Claims Alleging Violation of the Emergency Medical Treatment and Active Labor Act are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the defendant hospital's remaining motion to dismiss based upon a violation of Fed.R.Civ.P. 8(a)(2) is denied.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by designation



Gregory R. Kauffman, Esquire - Attorney for Plaintiffs
James A. Branch, Jr., Esquire - Attorney for Plaintiffs
James S. Bromberg, Esquire - Attorney for Defendant Ruthven N. Sampath
Robert C. Gutierrez, Esquire - Attorney for Defendant Larry D. Starr, M.D.
Rod M. Schumacher, Esquire - Attorney for Defendant Gerald Champion Memorial Hospital
Norman D. Bloom, Jr., Esquire - Attorney for Defendant Gerald Champion Memorial Hospital