IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT AND DIANA HOSKINS, Individually and
as Personal Representatives and Next Friends to
TRISTAN K. HOSKINS, Deceased,

    Plaintiffs,

vs.                                                    Civ. No. 99-457 RLP/WWD

RUTHVEN N. SAMPATH, M.D., LARRY D.
STARR, M.D., and GERALD CHAMPION
MEMORIAL HOSPITAL,

    Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

       This matter comes before the Court upon Defendant Sampath's Motion to Compel Plaintiff to Answer Interrogatories filed October 12, 1999 (**Docket #52**). The motion seeks an order compelling full and complete answers to interrogatories 7, 8, 9, and 27 propounded to Plaintiff Diana Hoskins; interrogatory 7 propounded to Plaintiff Robert Hoskins; and interrogatory 23 propounded to Tristan Hoskins. Interrogatories 7, 8, and 9 propounded to Plaintiff Diana Hoskins and interrogatory 7 propounded to Plaintiff Robert Hoskins seek detailed information about medical or psychiatric treatment "during the fifteen (15) years **before the occurrence alleged in this case**." Plaintiffs object contending that the interrogatory is "overly broad, burdensome, oppressive and seeks information which will be inadmissible at trial and does not appear reasonably calculated to lead to discovery of admissible evidence." Plaintiffs then proceed to supply part of the information requested for a period of only five years instead of the fifteen sought by the interrogatories. Interrogatory 27 seeks similar information "with respect **ONLY** to any

-1-

injury or disability which you [Plaintiffs] claim to have sustained or suffered as a result of the incident alleged in the Complaint,..." Plaintiff objects to the interrogatory as being 'overly burdensome, " and then gives a partial answer to interrogatories 7, 8, 9, and 27 propounded to Plaintiff Diana Hoskins and interrogatory 7 propounded to Plaintiff Robert Hoskins  Interrogatory 23 seeks medical and mental health information regarding Connor Hoskins. Plaintiffs refer Defendant Sampath to Connor Hoskins' "extensive medical records", and then partially answer the interrogatory.

This is a wrongful death case based on the alleged medical malpractice and negligence of the Defendant physicians and the Defendant hospital. Plaintiffs' decedent, Tristan Hoskins, died in infancy allegedly because of injuries suffered during his delivery.. Tristan's older brother , Connor Hoskins,  suffered similar trauma at birth and survived. Plaintiff Diana Hoskins, Connor Hoskins' mother, has a very poor obstetric history including several spontaneous abortions. Interrogatories 7 and 8 to Diana Hoskins should be answered by her as fully and completely as she is able to answer, and such answers should be served on Defendant Sampath on or before November 3, 1999.  I find that the objections to interrogatories 9 and 27 to Diana Hoskins and the objection to interrogatory 7 to Robert Hoskins are well taken, and no further answers to those interrogatories will be required.  On or before November 3, 1999, Plaintiffs should answer, to the best of their ability interrogatory 23 concerning Connor Hoskins.

Discovery in this cause should proceed in accordance with the foregoing.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE